UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOBART-MAYFIELD, INC., D/B/A
MAYFIELD ATHLETICS,

    Plaintiff,

v.

NATIONAL OPERATING COMMITTEE ON
STANDARDS FOR ATHLETIC EQUIPMENT,
ET AL.,

    Defendants.

Case No. 19-cv-12712

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [#49], FINDING MOOT DEFENDANTS' MOTIONS TO DISMISS [#18, 31]**

**I. INTRODUCTION**

On September 16, 2019, Plaintiff Hobart-Mayfield, Inc. ("Mayfield Athletics") filed the instant action against the National Committee on Standards for Athletic Equipment ("NOCSAE"), Gregg Hartley, and Michael Oliver (collectively referred to as the "NOCSAE Defendants"), as well as Kranos Corporation ("Schutt Sports"), Riddell, Inc., Xenith, LLC, Vincent Long, and Kyle Lamson (collectively referred to as the "Manufacturer Defendants"). *See* ECF No. 1. Plaintiff alleges that Defendants have unlawfully interfered with the sale and certification of a helmet

1

aftermarket product in violation of the Sherman Act and the Michigan Antitrust Reform Act. *Id.*

Presently before the Court is Plaintiff's Motion for Leave to Amend Complaint, filed on September 9, 2020. ECF Nos. 49. Defendants filed their joint Response in Opposition to Plaintiff's Motion on September 18, 2020. ECF No. 52. Plaintiff filed its Reply on September 25, 2020. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons that follow, the Court will **GRANT** Plaintiff's Motion for Leave to Amend Complaint [#49], rendering Defendants' outstanding Motions to Dismiss **MOOT** [#18, 31].

## II. BACKGROUND

### A. Factual Background

Plaintiff Mayfield Athletics is the marketer, distributor, and seller of a football helmet shock absorber called the "S.A.F.E.Clip." ECF No. 1, PageID.2. The S.A.F.E.Clip is an aftermarket product that "can be retrofitted to most existing helmets and facemasks" and purports to reduce the impact to the football player's helmet each time they are hit. *Id.* at PageID.9. Plaintiff claims that "the use of the S.A.F.E.Clip resulted in force reductions as high as 35% per hit" after multiple rounds of testing. *Id.*

2

The National Operating Committee on Standards for Athletic Equipment ("NOCSAE") is a nonprofit body that "develops voluntary performance and test standards for athletic equipment that are available for adoption by any athletic regulatory body." *Id.*; ECF No. 18, PageID.218. The parties agree that the majority of football regulatory bodies require most players, from youth leagues to the NFL, to use football helmets and facemasks that comply with NOCSAE standards. *Id.* Plaintiff contends that under this structure, any equipment that does not meet NOCSAE standards "are largely excluded from the national market for football safety equipment and accessories." ECF No. 1, PageID.13.

Plaintiff states that NOCSAE enters into licensing agreements with certain football helmet manufacturers, including the Manufacturer Defendants, which allows them to utilize NOCSAE trademarked logos and phrases. *Id.* at PageID.23-24. These agreements, Plaintiff alleges, permits Defendants to "establish and maintain a monopoly on the market for football safety equipment and accessories, to the exclusion of manufacturers of aftermarket or add-on products," including Plaintiff's. *Id.* at PageID.24.

**B. Procedural Background**

Plaintiff Mayfield Athletics filed the instant action against the NOCSAE Defendants and the Manufacturer Defendants on September 16, 2019. *See* ECF No. 1. The Complaint alleges nine counts, including violations of the Sherman Act and

Michigan Antitrust Reform Act as well as tortious interference with a business relationship or expectancy. *Id.* Pursuant to multiple stipulations, Defendants were granted additional time to respond to the Complaint. *See* ECF Nos. 5, 10, 20. Both the Manufacturer Defendants and the NOCSAE Defendants subsequently moved to dismiss Plaintiff's Complaint in late 2019 and early 2020. ECF Nos. 18, 31. The dismissal motions were fully briefed following a stipulated extension of time for Plaintiff to file its Response. *See* ECF No. 25.

Plaintiff now requests leave to file a First Amended Complaint that "removes Mayfield's claims under Section 2 of the Sherman Act and provides additional factual allegations clarifying the remaining claims for federal and state antitrust violations and tortious interference with business expectancies." ECF No. 49, PageID.912. Defendants collectively opposed Plaintiff's Motion on September 18, 2020, arguing that Plaintiff's amendments to the Complaint are both futile and unduly delayed. ECF No. 52, PageID.1164. Plaintiff filed its Reply on September 25, 2020. ECF No. 57, PageID.1285.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the court. FED. R. CIV. P. 15(a)(2). Defendants here do not concur in Plaintiff's Motion; it is thus within

this Court's discretion whether to grant Plaintiff's Motion for Leave to File an Amended Complaint. *See United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 15-4406, 2016 WL 6832974, at *7 (6th Cir. Nov. 21, 2016) ("[D]istrict courts have discretion to permit or deny amendment after a defendant files an answer to a plaintiff's complaint"); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (explaining that the decision as to whether justice requires the amendment is committed to the district court's sound discretion). Pursuant to Rule 15, "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Despite this liberal amendment policy, denial may be appropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is "futile" if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *See Peffer v. Thompson*, 754 F. App'x 316, 320 (6th Cir. 2018); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

5

Here, Defendants argue that Plaintiff's First Amended Complaint is both unduly delayed and futile. ECF No. 52, PageID.1164. The Court's analysis will therefore focus on these two elements.

### IV. DISCUSSION

In the Response to Plaintiff's Motion, Defendants first argue that amendment should be denied because Plaintiff was dilatory in seeking to amend the original Complaint. Defendants then argue that amendment of the original Complaint would be futile on six different grounds: (1) the new allegations present bare legal conclusions; (2) Plaintiff fails to allege viable conspiracy claims in Counts I and II; (3) the proposed Complaint does not properly allege either a per se or rule of reason violation; (4) Plaintiff lacks standing to raise factual allegations regarding other add-on products; (5) the tortious interference with a business expectancy claim is not adequately pled; and (6) the proposed Complaint's allegations relating to the individual Defendants are insufficient. The Court will address the arguments in turn.

**A. Undue Delay**

Defendants assert that granting Plaintiff leave to amend its Complaint will result in undue delay and prejudice to the Defendants because the dismissal motions had been fully briefed for about six months by the time Plaintiff sought leave. ECF No. 52, PageID.1164. Amending the Complaint after a "lengthy and inexcusable" delay, Defendants contend, will be prejudicial to all Defendants. *Id.* Plaintiff

6

disagrees with Defendants' assertions, pointing out that the instant case has not reached the discovery phase yet, and Defendants will therefore not be subject to undue prejudice if Plaintiff amends its Complaint. ECF No. 57, PageID.1285.

The Court agrees with Plaintiff and finds that its request to amend was not unduly delayed or brought with dilatory motive. *Brown*, 814 F.3d at 443. In this case, there have been no prior amendments to the Complaint, nor have the parties engaged in any discovery yet. Instead, there were significant delays at the outset of the litigation—sought and stipulated to by both parties in turn. While addressing a different procedural posture, the Sixth Circuit suggested that a relatively high bar exists to demonstrate significant prejudice in this context, especially when the defendant "is not faced with the prospect of duplicative discovery" and the proposed complaint "does not add new substantive claims or overhaul plaintiffs' theory of the case." *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002) (finding that the inconvenience of another round of motion practice "does not rise to the level of prejudice that would warrant denial of leave to amend.").

In accordance with the liberal amendment policy of Rule 15, this Court finds that Plaintiff's delay in seeking amendment, while delayed to an extent, was not so unduly delayed or dilatory as to cause Defendants significant prejudice at this stage of the litigation. Accordingly, the Plaintiff's motion will not be denied on these grounds.

### B. Futility

As an initial matter, the futility standard requires this Court to consider whether Plaintiff's proposed amendments "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In the Response to Plaintiff's Motion, however, Defendants spend a significant portion of their arguments addressing alleged deficiencies that were already presented in the original Complaint and remain unchanged in the First Amended Complaint. *See, e.g.,* ECF No. 52, PageID.1170, 1177, 1184 (including language such as "[l]ike in the original Complaint . . . " or "[t]he [Proposed Amended Complaint] repeats virtually unchanged the deficient allegations of the original Complaint . . . "). Many of these assertions mirror those in Defendants' initial dismissal motions.

The Court does not read Plaintiff's First Amended Complaint to include any new legal claims. Instead, it appears that the proposed Complaint (1) takes Count I of the original Complaint and splits it into two separate counts; (2) removes Counts II, III, IV, and V of the original Complaint; and (3) provides additional factual information, including details about specific injuries Hobart-Mayfield claims it suffered, *see* ECF No. 49-1, PageID.984, as well as other add-on manufacturers that have suffered injuries as well, *see id.* at PageID.987-988. Upon review of the additional factual information pleaded and the multiple claims removed from the

original Complaint, "nothing strikes the Court as so obviously deficient about [the plaintiff's] . . . allegations that it would be an abuse of discretion to permit" the amendments at this time. *White v. Emergency Medicine Billing & Coding Co.*, No. 11-14207, 2013 WL 4551919, at *6 (E.D. Mich. Aug. 28, 2013).

Given the complexity of this matter and the early stage of litigation, the Court finds that Defendants' arguments are more properly brought in renewed and fully briefed dismissal motions addressing the Plaintiff's First Amended Complaint. Accordingly, the Court finds that Plaintiff's First Amended Complaint is now the operative complaint in this matter. Defendants will be permitted to file renewed motions to dismiss no later than one month from this date.

## V. CONCLUSION

For the reasons discussed herein, the Court will **GRANT** Plaintiff's Motion for Leave to Amend Complaint [#49]. This will render Defendants' outstanding Motions to Dismiss **MOOT** [#18, 31]. Defendants may file renewed dismissal motions addressing Plaintiff's First Amended Complaint **no later than November 20, 2020**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 19, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 19, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager